# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

HOWARD STERN, on behalf of himself
and all others similarly situated,
               Plaintiff,

        - against -

SUNOCO, INC., ENERGY TRANFER PARTNERS,
L.P., SUNOCO LOGISTICS PARTNERS L.P. and
MIDDLETOWN SUNOCO,

           Defendants.

------------------------------------------------------------------

Case No.:_____

**CLASS ACTION COMPLAINT**

**JURY TRIAL
DEMANDED**

       Plaintiff, Howard Stern ("Mr. Stern" or "Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, allege against Defendants Sunoco, Inc., Energy Transfer Partners, L.P., Sunoco Logistics Partners L.P. and Middletown Sunoco (collectively "Sunoco" or "Defendants"), the following:

## SUMMARY OF THE ACTION

       1.    Plaintiff brings this class action on behalf of himself and all other persons who were damaged by Sunoco's deceptive gift card program.

       2.    Sunoco is headquartered in Philadelphia, Pennsylvania and is part of the Energy Transfer Partners, L.P. family of companies.  Energy Transfer Partners, L.P. (NYSE:ETP) is a New York Stock Exchange traded partnership which owns and operates a diversified portfolio of energy assets.  Sunoco's retail business markets its brand of gasoline through approximately 4,900 retail outlets in 23 states stretching from Maine to Florida and west to Indiana, and operates nearly 400 APlus Sunoco Logistics Partners L.P. convenience stores. Sunoco Logistics Partners L.P. (NYSE:SXL) has approximately 7,900 miles of crude oil and refined product

owned and operated pipelines and approximately 40 product terminals. Sunoco Logistics Partners L.P. is 34% owned by Energy Transfer Partners, L.P.

3.      Sunoco represents that Sunoco gift cards ("Gift Cards") "can be used at any Sunoco station and is good for purchase at every Sunoco – *just like cash*."

4.      Sunoco stations charge lower prices for gasoline cash purchases than gasoline credit or debit card purchases.

5.      Despite its representations to all cardholders uniformly that the Gift Cards can be used at Sunoco stations "just like cash," Sunoco charges Gift Card users the higher credit/debit card price instead of the lower cash price.

6.      Sunoco represented and continues to represent to Plaintiff and the Class that they can use the Gift Cards "just as cash," but fails to disclose that instead of charging Gift Card users the cash price as promised, it charges them the higher credit/debit card price.  Mr. Stern and the Class are paying the higher price despite Sunoco's representations that the Gift Card can be used just as cash at the pump, a representation which is untrue.

7.      Sunoco's deceptive representations and material omissions are deceptive and unconscionable commercial practices.

## PARTIES

8.      Plaintiff Howard Stern is an adult individual and a citizen of New Jersey.  Mr. Stern brings this proceeding in an individual capacity and on behalf of all others similarly situated.

9.      Sunoco, Inc. is headquartered at 1818 Market Street, Suite 1500, Philadelphia, Pennsylvania 19103 and is part of the Energy Transfer Partners, L.P. family of companies.

10.      Energy Transfer Partners, L.P is a New York Stock Exchange traded partnership

2

owning and operating a diversified portfolio of energy assets and is headquartered in Dallas, Texas.

11.     Sunoco's retail business markets its brand of gasoline through approximately 4,900 retail outlets in 23 states stretching from Maine to Florida and west to Indiana, and operates nearly 400 APlus Sunoco Logistics L.P. convenience stores.

12.     Sunoco Logistics Partners L.P. is headquartered at 1818 Market Street, Suite 1500, Philadelphia, Pennsylvania 19103 and has approximately 7,900 miles of crude oil and refined product owned and operated pipelines and approximately 40 product terminals. Sunoco Logistics Partners L.P. is 34% owned by Energy Transfer Partners, L.P.

13.     Defendants offer, operate, control and administer the current Sunoco Gift Card program and enter into agreements with the Gift Card members, including Plaintiff and the Class.

14.     Upon information and belief, Middletown Sunoco is a business entity authorized to do business in New Jersey and operates several Sunoco stations including stations located at 117 RT 35, Red Bank, NJ 07701 and 417 RT 35, Red Bank, New Jersey 07701.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act, in that the acts occurred in New Jersey, Plaintiff is a New Jersey citizen, Defendants are headquartered in Philadelphia, Pennsylvania, Dallas, Texas and Red Bank, New Jersey, and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

16.     Venue is proper in this district because some of the Defendants are located and doing business in the district and the terms of the Gift Card program provide that "Any dispute

arising from these terms shall be resolved exclusively in the state and federal courts of the Commonwealth of Pennsylvania."

## FACTUAL BACKGROUND

**A.    Background**

17.    Sunoco Inc. is an American petroleum and petrochemical manufacturer and retail operator and distributor of "Sunoco" branded gas stations and is headquartered in Philadelphia, Pennsylvania, United States.  Defendant is formerly known as Sun Company Inc. (1886–1920 and 1976–1998) and Sun Oil Co. (1920–1976).

18.    Sunoco is one of the largest gasoline distribution companies in the United States, with "Sunoco" branded gasoline being sold in over 4,700 outlets spanning 26 states, just over a third hosting convenience stores.

19.    Sunoco is a Fortune 100 Company.  In 2011 it was ranked as the third largest company by revenue in Pennsylvania, after AmerisourceBergen and Comcast.  Its headquarters are located in the BNY Mellon Center in Center City Philadelphia.

**B.    Sunoco Gift Card Program**

20.    Sunoco offers a Gift Card program.

21.    Sunoco touts its Gift Card program – "Looking for a gift that anyone can use? The Sunoco Gift Card is always a good option. It can be used for everything from getting your car repaired, to filling up your tank, to filling up your coffee cup."

22.    Sunoco expressly represents that "[t]he Sunoco Gift Card can be used at any Sunoco station and is good for purchases at every Sunoco – just like cash.  You can pay right at the pump or inside Sunoco locations."

4

23.    Sunoco provides signage on the gasoline pumps at Sunoco stations declaring "Sunoco Gift Cards SAME AS CASH."

**C.    Sunoco's Undisclosed Policy of Overcharging Gift Card Users**

24.    Sunoco represents to its Gift Card program members that the Gift Cards can be used "just like cash" and "SAME AS CASH."

25.    Sunoco stations charge different prices for gasoline depending on whether a consumer is paying with cash or a credit/debit card.  Sunoco charges consumers using a credit/debit card more for gasoline than consumers paying with cash.

26.    While Sunoco represents that its Gift Cards can be used "SAME AS CASH," it charges consumers using the Gift Cards for gasoline the higher credit/debit card price instead of the lower cash price.

27.    Sunoco does not disclose to its customers that it charges the higher credit/debit card price for gasoline instead of the lower cash price and represents to consumers that the Gift Cards can be used "just as cash."

28.    Sunoco's failure to disclose that it charges the higher credit/debit card price for gasoline instead of the lower cash price for Gift Cards, is a deceptive and unconscionable commercial practice.

**D.    Sunoco Charges Mr. Stern The Higher Credit/Debit Card Price For Purchasing Gasoline Instead Of The Lower Cash Price When He Uses His "Just Like Cash/Same as Cash" Sunoco Gift Card**

29.    Mr. Stern is a New Jersey citizen and Sunoco Gift Card program member.

30.    On April 27, 2013, Mr. Stern purchased gasoline at a Sunoco station located at 117 RT 35, Red Bank, NJ 07701, using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

31. However, Mr. Stern was charged the higher credit/debit card price for gasoline instead of the lower cash price, despite using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

32. On May 5, 2013, Mr. Stern purchased gasoline at a Sunoco station located at 417 RT 35, Red Bank, New Jersey 07701, using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

33. However, Mr. Stern was charged the higher credit/debit card price for gasoline instead of the lower cash price, despite using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

34. On May 25, 2013, Mr. Stern purchased gasoline at a Sunoco station located at 417 RT 35, Red Bank, New Jersey 07701, using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

35. Mr. Stern was charged the higher credit/debit card price for gasoline instead of the lower cash price, despite using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

36. On November 25, 2013, Mr. Stern twice purchased gasoline at a Sunoco station located at 417 RT 35, Red Bank, New Jersey 07701, using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

37. However, both times Mr. Stern was charged the higher credit/debit card price for gasoline instead of the lower cash price, despite using his "Just Like Cash/Same as Cash" Sunoco Gift Card.

38. By virtue of this practice, Sunoco overcharges consumers using their Gift Cards for gasoline purchase and thereby violates statutory or regulatory requirements under New Jersey law relating to weights and measures.

E.    **Substantive Allegations**

39.    Plaintiff and the Class have been damaged as a result of Sunoco's deceptive Gift Card program.

40.    In advertising and promoting its Gift Card program, Sunoco made false and misleading statements.

41.    In advertising and promoting its Gift Card program, Sunoco made false and misleading representations of fact.

42.    In advertising and promoting its Gift Card program, Sunoco knowingly omitted and failed to disclose material terms.

43.    Sunoco's acts, practices and advertisements are materially deceptive and misleading.

44.    Sunoco's false and misleading acts, practices and advertisements deceived Plaintiff and the Class.

45.    Sunoco's false and misleading acts, practices and advertisements had a tendency to deceive a substantial segment of its audience, including Plaintiff and the Class.

46.    Sunoco's deception was material because it likely influences the purchasing decision of Plaintiff and the Class.

47.    Sunoco's advertising and promotion of its Gift Card program concerned goods and commercial activities in interstate commerce.

48.    Plaintiff and the Class have been injured and are likely to continue to be injured as a result of Sunoco's false advertising and deceptive practices.

49.     Sunoco is, amongst other things, advertising but failing to honor the terms of its Gift Card program and, as such, using false information and deceptive practices in the course of selling its goods and services.

50.     Sunoco's practices and advertisements are recurring in nature and directed at consumers.

51.     Sunoco intended that Plaintiff and the Class would rely upon its false information, deceptive practices and omission of material terms.

52.     Plaintiff and the Class are ordinary consumers.

53.     Plaintiff and the Class have been injured by Sunoco's sale of merchandise, services and items.

54.     Plaintiff and the Class have been injured by, among other things, paying a higher price for gasoline than if Sunoco had honored its public Gift Card program.

55.     Plaintiff and the Class have been injured by devoting time and expending resources, including money, traveling to, shopping at and dealing with Sunoco.

56.     This action will benefit the public.

57.     Sunoco has been enriched at Plaintiff and the Class's expense by its deceptive acts.

58.     Plaintiff and the Class met the conditions of the Gift Card program in effect at the time.

59.     Plaintiff and the Class made purchases at Sunoco, but did not receive the represented benefits of the Gift Card program.

60.     Plaintiff and the Class performed the condition precedent to Sunoco's obligation to perform under the Gift Card program contract.

61.     Sunoco failed to perform its obligation under the Gift Card program contract.

62.     Plaintiff and the Class have been injured by Sunoco's failure to perform its obligation under the Gift Card program contract.

63.     Sunoco has received an economic benefit from its Gift Card program by utilizing the same to draw consumers, increase customer usage and exclusivity and increase brand loyalty and use.

64.     Sunoco has received an economic benefit by charging more money and receiving more money from customers, then if the Gift Card program's public representations had been honored.

65.     Equity and good conscience prohibit Sunoco from receiving the economic benefits of the Gift Card program when it does not perform its obligations under the same.

66.     Equity and good conscience require that Sunoco make restitution, yet Sunoco has failed to make restitution.

67.     Sunoco's failure to honor its Gift Card program is in keeping with unconscionable deceptive practices.

## CLASS ACTION ALLEGATIONS

68.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), on behalf of a Class, consisting of all persons who were damaged by Sunoco's failure to honor its public Gift Card program.  Excluded from the Class are Defendants, officers and directors of the company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants' have or had a controlling interest.

9

69.     The Class that Plaintiff seeks to represent is "all persons who, in the United States, who were denied the benefits of Sunoco's public Gift Card program."  The term "persons" includes individuals as well as profit and not-for-profit corporations, partnerships, limited liability companies, limited liability partnerships, joint ventures, sole proprietorships, associations, firm, trust and other business and governmental entities.  Excluded from this Class are any persons or other entity related to or affiliated with the Defendants; any person, firm, trust, corporation, or other entity who purchased, for resale, from Defendants, or any entity related to or affiliated with Sunoco or any person who has an action for damages for personal injury or death or property damage against Defendants.

70.     Subclasses can be created if needed and Plaintiff reserves the right to seek such subclasses upon filing a motion seeking class certifications.

## NUMEROSITY

71.     The members of the Class are so numerous that joinder of all members is impracticable.  The Class consists of thousands of members.  The precise number of Class members can only be ascertained through discovery, including reviewing Defendants' records. The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

72.     There is a well-defined community of interest in the questions of law and fact involved affecting Plaintiff and the Class.

73.     Questions of law and fact common to the Class predominate over questions which may affect individual members, and include the following:

(a)     Whether Sunoco has a policy or practice of refusing to honor its publicly advertised Gift Card program;

(b)     Whether Sunoco charges consumers the higher credit/debit card price when using their "same as cash" Gift Cards;

(c)     Whether Sunoco made false or misleading statements, or representations of fact;

(d)     Whether Sunoco omitted and failed to disclose material facts;

(e)     Whether Sunoco's acts actually deceived or had a tendency to deceive a substantial segment of its audience;

(f)     Whether Sunoco violated New Jersey's Consumer Fraud Act;

(g)     Whether members of the Class are entitled to the entry of final and injunctive relief compelling Defendants to honor their Gift Card program and/or cease advertising, promoting and using its Gift Card program;

(h)     Whether Class members are entitled to actual damages and if so, the appropriate amount thereof;

(i)     Whether Defendants deliberately misrepresented or failed to disclose material facts to Plaintiff and the Class; and

(j)     Whether Sunoco's conduct constitutes an unconscionable business practice.

## TYPICALITY

74.     The claims and defenses of Plaintiff, as the representative Plaintiff, are typical of the claims and defenses of the Class because Plaintiff and the Class were all deprived the benefits of Sunoco's Gift Card program. Plaintiff, like all Class members, were denied the

benefit of Sunoco's Gift Card program and charged the higher credit/debit card prices when using their gift cards because of Sunoco's deceptive conduct.

## ADEQUACY OF REPRESENTATION

75.     Plaintiff, as the representative Plaintiff, will fairly and adequately assert and protect the interests of the Class as:

    (a)     Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

    (b)     Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

76.     With respect to the Class, questions common to the Class predominate over those which only affect individual owners.  This case involves Sunoco's failure to honor its Gift Card program.  Liability will primarily be predicated upon the jury's evaluation of Sunoco's representations, practices and conduct regarding its Gift Card program.

## SUPERIORITY

77.     A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

    (a)     The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

    (b)     The Class is so numerous as to make joinder impracticable.  The Class, however, is not so numerous as to create manageability problems.  There

12

are no unusual legal or factual issues which would create manageability problems;

(c)   Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

(d)   The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover; and

(e)   A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

<u>**FIRST CAUSE OF ACTION**</u>
**(Consumer Fraud Act – N.J.S.A. 56:8-1 et seq.)**

78.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

79.    New Jersey has enacted laws to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising.  New Jersey provides consumers with a private right of action under its statute.

80.    Sunoco's conduct constitutes unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentations, and/or the knowing concealment, suppression, or omission of material facts with the intent that others, including Plaintiff and Class members, rely upon such concealment, suppression, or omission in connection with the sale or advertisement of merchandise in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (the "Consumer Fraud Act").

81.     In addition to its stated misrepresentations, Sunoco intentionally concealed, suppressed and omitted the facts of their Gift Card program with the intent that others, including Plaintiff and Class members, rely upon such concealment, suppression, failure to disclose or omission.

82.     Sunoco knew and intentionally concealed, suppressed and omitted the fact that its public Gift Card program did not provide the advertised/represented benefits.

83.     Sunoco knew and intentionally concealed, suppressed and omitted the fact that it charges customers with more miles more for the same award.

84.     Sunoco's acts of commission and omission were material.

86.     By virtue of Defendant's misrepresentation, knowing omissions, unconscionable commercial practices and violation of law, Plaintiff purchased gasoline at the times and places set forth above and paid more for such product than would have been the case if not for the Defendant's wrongful acts, and thereby suffered an ascertainable loss.

87.     As a result of Defendants' unfair, fraudulent and/or deceptive trade practices, Plaintiff and Class members have suffered an ascertainable loss of money and property by, amongst other things, paying higher prices for gasoline.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

88.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

89.     Defendants acted intentionally and in bad faith to frustrate the benefits owed to Plaintiff and the Class under their publicly advertised/represented Gift Card program, despite a duty to refrain from doing so.

14

90.     Defendants' failure to deal fairly and in good faith caused damage to Plaintiff and the Class.

91.     As a result of the foregoing, Plaintiff and the Class members are entitled to damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
#### (Breach of Contract)

92.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

93.     The parties entered into a contract containing certain terms.

94.     Plaintiff and the Class substantially did what the contract required Plaintiff and the Class to do.

95.     Defendants did not do what the contract required Defendants to do.

96.     Defendants' breach, or failure to do what the contract required, caused a loss to Plaintiff and the Class.

97.     As a result of the foregoing, Plaintiff and the Class members are entitled to damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
#### (Truth-in-Consumer Contract, Warranty and Notice Act - N.J.S.A. 56:12 et seq.)

98.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

99.     Sunoco was required to write its contract in a clear and understandable manner.

100.    Sunoco did not write the contract in a manner that the Class could know that Sunoco would charge the higher credit/debit car prices instead of the lower cash price when using their "just like cash" gift card.

15

101.    The term "just like cash" has a meaning which objectively conveys a reasonable expectation to the ordinary consumer that he/she will not be charged more than they would have paid with the Gift Card had he/she made such payment with cash.

102.    Sunoco drafted and entered into a written contract that violate Plaintiff's rights under clearly established State law, including but not limited to the NJCFA.

103.    Defendants' conduct caused a loss to Plaintiff and the Class.

104.    Because of the foregoing, Plaintiff and the Class members are entitled to damages in an amount to be proven at trial, but no less than the statutory damages per violation under the TCCWNA statute that Defendants' violated.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

105.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

106.    There is a genuine controversy between Defendants, on the one hand, and Plaintiff and the Class, on the other, concerning their respective rights and obligations. Specifically, Plaintiff contend that Sunoco's acts and practices relating to its Gift Card program are prohibited by statute and the common law as well as equitable doctrines, whereas Sunoco contends they are not.

107.    Accordingly, Plaintiff seeks declaratory relief concerning the respective rights and obligations of the parties.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

108.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

109.     Defendants engaged in the deceptive transactions directly with Plaintiff and the Class.

110.     The unjust enrichment was at the expense of Plaintiff and the Class.

111.     The circumstances were such that equity and good conscience require Defendants to make restitution.

112.     Defendants have failed to make restitution.

113.     As a result, Plaintiff and the Class have been damaged.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

114.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

115.     Defendants' conduct is improper and deceptive and has caused injury to Plaintiff and the Class.

116.     The grounds for an injunction are present therein, including the fact that Plaintiffs and the Class have a likelihood of success on the merits; irreparable harm will be done if the injunction is denied; the balance of the equities is in favor of granting the injunction and Plaintiff and the Class have been injured by Defendants' action and will continue to be injured absent the requested injunctive relief.

## EIGHTH CAUSE OF ACTION
### (Pennsylvania Unfair Trade Practices And Consumer Protection Law (UTPCPL)
### 73 P.S. § 201-1 – 201-9.3)

117.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

118.     Sunoco's conduct constitutes unconscionable commercial practices, deception,

17

fraud, false pretense, false promise, misrepresentations, and/or the knowing concealment, suppression, or omission of material facts with the intent that others, including Plaintiff and Class members, rely upon such concealment, suppression, or omission in connection with the sale or advertisement of merchandise in violation of the UTPCPL.

119.    In addition to its stated misrepresentations, Sunoco intentionally concealed, suppressed and omitted the facts of their Gift Card program with the intent that others, including Plaintiff and Class members, rely upon such concealment, suppression, failure to disclose or omission.

120.    Sunoco knew and intentionally concealed, suppressed and omitted the fact that its public Gift Card program did not provide the advertised/represented benefits.

121.    Sunoco knew and intentionally concealed, suppressed and omitted the fact that it charges customers with more miles more for the same award.

122.    Defendants' fraudulent or deceptive conduct creates a likelihood of confusion or of misunderstanding.

123.    Sunoco's acts of commission and omission were material.

124.    As a result of Defendants' unfair, fraudulent and/or deceptive trade practices, Plaintiff and Class members have suffered an ascertainable loss of money and property by, amongst other things, paying higher prices for gasoline.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendants as follows:

1.    For an order certifying the Class, appointing Plaintiffs as representatives of the Class and appointing the law firms representing Plaintiffs as counsel for the Class;

2.      For compensatory damages sustained by Plaintiffs and the Class;

3.      For disgorgement, restitution and/or refund of all funds acquired by Defendants from Plaintiffs and the Class, and the general public as a result of Defendants' unlawful, unfair, fraudulent, deceptive and unconscionable practices described herein;

4.      For punitive, treble and all other damages available to the Class;

5.      For payment of costs of suit herein incurred;

6.      For both pre-and post-judgment interest on any amounts awarded;

7.      For payment of reasonable attorneys' fees and expert fees;

8.      For injunctive and declaratory relief; and

9.      For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all others similarly situated hereby demands a trial by jury on all claims so triable.

Dated:  July 2, 2014

**FARUQI & FARUQI, LLP**

By: _Stuart J. Guber_
        Stuart J. Guber
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel:    (215) 277-5770

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
        Gary S. Graifman
        Michael L. Braunstein
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel:    (201) 391-7000

*Attorneys for Plaintiff*